

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 2, 1973

The Honorable Clayton Garrison
Executive Director, Texas Parks &
Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 78

Re:     Whether personnel employed
        by the Parks and Wildlife
        Department must be issued
        permits of authorization in
        order that they may take,
        transport, release, manage,
        or otherwise handle fish and
        wildlife species of the State of
        Texas for investigation, pro-
        pagation, distribution, or
        scientific purposes.

Dear Mr. Garrison:

You have requested an opinion as to whether employees of the Parks and
Wildlife Department are required by law to obtain a permit to take, transport,
release, manage, or otherwise handle fish and wildlife species of this State
for investigation, propagation, distribution, or scientific purposes.

The issuance of permits by the Parks and Wildlife Department for the
taking of protected wildlife and fish is governed by Article 913 of Vernon's
Texas Penal Code. Section 1 empowers the Department to allow "qualified
persons to take protected wildlife and fish for propagation, zoological
gardens or scientific purposes."

The Legislature, through Article 913, V. T. P. C., has further prescribed
the manner in which permits are to be granted (§1), restrictions concerning
certain wildlife (§§ 1 and 1a), the duration of the permitted use (§2), and
conduct required of the holder together with specific penalties for misconduct
(§§ 4, 6, and 7). All of these are of the nature of mandatory requirements
once the Department has exercised its discretion in issuing a permit:

>     "Permits may be granted upon application
> made under oath indicating the particular species
> and purpose of collection." §1, Article 913,
> V. T. P. C. (Emphasis added)

In contrast to the above provisions restricting the issuance and use of permits, the Parks and Wildlife Department is granted extensive power to regulate the conduct of anyone, including a permit holder, taking and possessing protected species:

> "Sec. 3: The Parks and Wildlife Department may prescribe reasonable rules and regulations concerning the taking and possession of protected wildlife species indigenous to the State of Texas or fish indigenous to the State of Texas for scientific purposes, zoological gardens, and for propagation purposes. Said department may cancel any permit granted pursuant to this Act for violation of such rules and regulations." (Emphasis added)

Further, the Department may not only set its own rules and regulations but also is vested with comprehensive authority to handle the State's wildlife and fish:

> "Sec. 5: The Parks and Wildlife Department at all times shall have the power to take, transport, release, or manage any of the wildlife and fish of this state for investigation, propagation, distribution or scientific purposes." (Emphasis added)

Finally, § 6, in describing those who are exempted from prosecution for violation of the State's wildlife and fishing laws, includes both the holder of a Parks and Wildlife Department permit and an employee of that Department, clearly indicating that the employee handling wildlife for scientific purposes need not be a permit holder.

> "Sec. 6: It shall be no defense in any prosecution for violation of any of the wildlife or fishing laws of this state that the taking or transporting of wildlife or fish was done for scientific purposes unless such defense is offered on behalf of a person holding a Parks and Wildlife Department permit which was valid at the time of the alleged offense, or on behalf of an employee of the Parks and Wildlife Department acting within the scope of his authority." (Emphasis added)

The scope of an employee's authority would be defined by the rules and regulations which the Department is authorized to make under § 3 and which also govern the permit holder.   Coupled with the comprehensive grant of authority to handle wildlife in § 5 and the defense to prosecution in § 6, this indicates that Parks and Wildlife Department personnel may perform their assigned duties without first obtaining permits of authorization.

## S U M M A R Y

Sections 3, 5 and 6 of Article 913, Texas
Penal Code, indicate that personnel employed by
the Texas Parks and Wildlife Department need
not obtain permits authorizing them to take, transport, release, manage or otherwise handle fish
and wildlife species of the State of Texas for
investigation, propagation, distribution or scientific purposes.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee